Dow & Foster *versus* Huckins & Dudley.

G. contracted to drive the defendants' logs at a fixed price per thousand feet, The plaintiff, however, was compelled to drive a large part of them with his own, in consequence of their intermixture with his; and, after the driving was over, he stipulated with the defendants, that they should not be required to pay him, for the driving, more than two hundred dollars in addition to the price which G. was to have had. — *Held,* that this stipulation did not bind the plaintiff in order to recover for his services, to perform all the duties in driving, which G. had agreed to perform.

On Exceptions from *Nisi Prius,* Tenney, J. presiding.

Assumpsit, for driving a large quantity of the defendants' logs, (about one and three fourths millions of feet,) down the Penobscot river, and claiming to enforce the statute lien against them.

It appears, that the plaintiffs were driving a large quantity of their own logs, and also those of some other owners, according to contracts between them. In so doing, the defendants' logs became intermixed with the rest, so that they were compelled to drive those also.

The plaintiffs finished driving on the 29th of Nov. 1849, having got the logs to the boom, except, that about 300,000 feet of the defendants' logs were left up the river, which they employed other men to drive the next spring. There was

also evidence tending to show that those logs were jammed with a large body of other logs, and could not, without a great rise of water be got out, except by hauling each one separately, and that, in contracts for driving, it was not generally understood that logs, so situated, should be driven.

The defendants introduced a contract of Oct. 11, 1849, by which one Gilmore and Trickey were to drive all the defendants' logs, and deliver the same in the booms for twenty-five cents per thousand feet, payment to be made when the logs were all delivered in the boom.

A demand was made by the plaintiffs upon the defendants to pay for the driving, on the 12th Dec. 1849.

The defendants also introduced a paper dated Dec. 26, 1849, signed by Dow, one of the plaintiffs, of the following tenor.

"I hereby acknowledge that the understanding between John Huckins and myself in regard to myself and S. I. Foster driving the Huckins & Dudley logs was, that the said Huckins should not be required to pay any more than two hundred dollars in addition to the fulfilment on the part of John Huckins of the contract made by and between the said Huckins, and Gilmore & Trickey, that being twenty-five cents per M.

The Judge instructed the jury *that* the contract introduced by defendants imposed upon plaintiffs the full obligation of the contract made by Trickey & Gilmore, to the full extent and in the same manner that Trickey & Gilmore were bound; and *that*, unless the plaintiffs had substantially fulfilled the contract of Trickey & Gilmore, then the verdict must be for defendants.

A verdict was returned for defendants, and the plaintiffs excepted.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, APPLETON and HATHAWAY, J. J., was delivered by

SHEPLEY, C. J., orally. — The writing or memorandum signed by Dow, speaks only of the amount which Huckins & Dudley were to pay, viz, two hundred dollars in addition

to the twenty-five cents per M., which it was agreed should be paid to Trickey & Gilmore for the same service.   The writing does not contain any promise or engagement on the part of Dow to drive all the logs, nor to do the work in any particular manner.   It contains no language from which even an inference could be drawn, that plaintiffs were to perform the Trickey & Gilmore obligation.   The Court having instructed the jury, that the memorandum in question imposed upon plaintiffs the full obligation of the Trickey and Gilmore contract, and such instruction being erroneous, the verdict must be set aside and                    *New trial granted.*

*A. W. Paine,* for the plaintiffs.

*M. L. Appleton,* for the defendants.